Yves GELIN, Plaintiff–Appellant,

v.

Henry M. PAULSON, Secretary of the Treasury,* Defendant–Appellee.

No. 05–6043–cv.

United States Court of Appeals, Second Circuit.

May 10, 2007.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Treasury Henry M. Paulson is automatically substituted for former Secretary of the Treasury John W. Snow. The Clerk of the Court is requested to amend the official caption accordingly.

6

Ambrose W. Wotorson, Law Offices of Ambrose, Wotorson, Brooklyn, NY, for Plaintiff–Appellant.

Heather K. McShain, Assistant United States Attorney (Sheila M. Gowan, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Defendant–Appellee.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, RICHARD MILLS,** District Judge.

**SUMMARY ORDER**

Plaintiff-appellant Yves Gelin appeals from an October 6, 2005, judgment of the United States District Court for the Southern District of New York (Jones, *J.*), granting summary judgment in favor of defendant Secretary of the Treasury ("IRS") and dismissing Gelin's complaint that he suffered discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amend-

** The Honorable Richard Mills, United States District Judge for the Central District of Illi- nois, sitting by designation.

ed, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the facts and procedural history.

We review de novo a district court's grant of summary judgment. *See, e.g., Forsyth v. Fed'n Employment & Guidance Serv.*, 409 F.3d 565, 569 (2d Cir.2005). On appeal, Gelin raises only his retaliation claims, arguing that (1) he was retaliated against when his performance appraisal was "downgraded," and (2) his September 2001 suspension was a retaliatory act.

■ First, Gelin cannot make out a prima facie case of retaliation with respect to the 2001 performance appraisal, because he cannot show that he has suffered an adverse employment action. *See Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000) ("A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment."); *see also Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005) (explaining that an adverse employment action is one of the elements of a plaintiff's prima facie case). Even assuming that an appraisal alone could be sufficient to constitute an adverse employment action, *but see Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 756 (2d Cir.2004) (rejecting claim based on a negative performance evaluation where the plaintiff "offered no proof that th[e] evaluation had any effect on the terms and conditions of her employment"), Gelin's appraisal does not suffice because it is overwhelmingly positive: Gelin was given the highest overall rating—"outstanding." Moreover, Gelin's subjective belief that he was "downgraded" is irrelevant. *See Burlington N. & Santa Fe. Ry. Co. v. White*, —— U.S. ——, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) ("We refer to reactions of a *reason-able* employee because we believe that the provision's standard for judging harm must be objective." (emphasis in original)); *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir.2004) (noting that an employee's "subjective, personal disappointments do not meet the objective indicia of an adverse employment action").

■ With respect to the retaliatory suspension claim, even assuming *arguendo* that Gelin can make out a prima facie claim of retaliation, because defendant has articulated a legitimate, non-retaliatory reason for the suspension, Gelin still bears the burden of showing that "retaliation was a substantial reason for the adverse employment action." *See Jute*, 420 F.3d at 173. As Gelin has not provided sufficient evidence on which to base an inference that his supervisors suspended him in order to retaliate for his protected activity, we conclude that Gelin cannot prevail on his retaliatory suspension claim. *Cf. Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir.1999) (noting that we must "carefully distinguish between evidence that allows for a reasonable inference of [retaliatory animus] and evidence that gives rise to mere speculation and conjecture").

For the reasons set forth above, the decision of the district court is hereby **AFFIRMED.**